UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:07cv179 |
| | ) |
| JUDGE JAMES T. MOODY, et al., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on several motions filed by the plaintiff, Bobbie Sellers ("Sellers"), who is proceeding pro se. Specifically, on July 26, 2007, Sellers filed a motion for change of venue and request for special judge, a motion for court appointed counsel, a motion for leave to conduct discovery, and a motion for a two day jury trial.

Discussion

On July 20, 2007, Sellers filed a 35-page pro se complaint against the Honorable James T. Moody, a judge of this court. On July 23, 2007, Sellers filed an amended complaint naming the Honorable Roger B. Cosbey and the Honorable Theresa L. Springmann as additional defendants. Magistrate Judge Cosbey and Judge Springmann are also judges of this court. Sellers has also named "John Doe, et al." as a defendant. The basis of Sellers' claims appears to be his reaction to having rulings against him in earlier cases he brought against state court officials involved in child support collection. Sellers also alleges racial discrimination.

The court will first address Sellers' request for change of venue and for elected special judge. Sellers believes that because the defendants in this case are officers of this court, that the undersigned has a direct conflict of interest. While it is true that the defendants are officers of

this court, this alone does not evidence any direct conflict of interest.  It is not unusual for federal judges to be named in a lawsuit by disgruntled litigants and, as a matter of course, it is another federal judge that handles the case.  The law regarding lawsuits against federal officials is very well settled, and the outcome of Sellers' complaint will undoubtedly be the same regardless of which judge handles the case.  Therefore, Sellers' motion for change of venue and appointment of special judge will be denied.

Sellers has also filed a motion for appointed counsel.  The question of whether an attorney should be appointed for a pro se civil litigant is a two-step inquiry.  First, given the difficulty of the case, does the plaintiff appear to be competent to try it himself? Secondly, if not, would the presence of counsel have made a difference in the outcome? Johnson v. Doughty, 433 F.3d 1001, 1007 (7th cir. 2006)  In the present case, Sellers has filed a lengthy complaint, has filed an amended complaint, and has requested discovery.  A review of Sellers' previous cases in this court shows that he is capable of presenting his claims to the court.   More importantly, even if an attorney were appointed, it is clear that Sellers cannot prevail on his claims.  Sellers has sued defendants who are protected by complete judicial immunity.  As a matter of law, a lawsuit such as the ones Sellers has presented cannot prevail.  Accordingly, Sellers' motion for appointed counsel will be denied.

Next, with respect to Sellers' motion for leave to conduct discovery, the court notes that such a motion is not necessary and is also untimely.  Discovery does not commence until after an answer or dispositive motion  has been filed by the defendants. It is anticipated that the defendants will file a motion to dismiss rather than an answer.  Such a motion is resolved based on the pleadings and the law applicable thereto, and no discovery is required (nor permitted) at

that time. As stated before, judicial officers are protected from suit by complete judicial immunity. No amount of discovery or evidence can change this well-settled law. Sellers' motion for leave to conduct discovery will be denied.

Finally, the court will turn to Sellers' request for a two day jury trial. As noted earlier, it is anticipated that the defendants will file a motion to dismiss and that the motion to dismiss will be granted. Therefore, there is no need to set this case for a jury trial. In any event, cases are never set for trial until after an answer and/or motion to dismiss has been filed and ruled upon. Thus, Sellers' motion will be denied.

## Conclusion

Based on the foregoing, Sellers' motion for change in venue and appointment of special judge, motion for court appointed counsel, motion for leave to conduct discovery, and motion for two-day jury trial are all hereby DENIED.

Entered: August 14, 2007.

                                                  s/ William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court