UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:07cv179 |
| ) | |
| JUDGE JAMES T. MOODY, et al., ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on an "Emergency" motion filed on August 16, 2007, by the plaintiff, Bobbie Sellers ("Sellers"), who is proceeding pro se. The court will construe this motion as a motion to reconsider the court's August 14, 2007 order denying Sellers' motions.

Sellers has also filed a motion to amend his complaint to add the undersigned as a defendant.

For the following reasons, both motions will be denied.

Discussion

On July 20, 2007, Sellers filed a 35-page pro se complaint against the Honorable James T. Moody, a judge of this court. On July 23, 2007, Sellers filed an amended complaint naming the Honorable Roger B. Cosbey and the Honorable Theresa L. Springmann as additional defendants. Magistrate Judge Cosbey and Judge Springmann are also judges of this court. Sellers has also named "John Doe, et al." as a defendant. The basis of Sellers' claims appears to be his reaction to having rulings entered against him in earlier cases he brought against state court officials involved in child support collection. Sellers also alleges racial discrimination.

On July 26, 2007, Sellers filed a motion for change of venue and request for special

judge, a motion for court appointed counsel, a motion for leave to conduct discovery, and a motion for a two day jury trial. On August 14, 2007, an order was entered denying all four of Sellers' motions.

In his "Emergency" motion, Sellers primarily objects to the following language in this court's August 14, 2007 order:

> It is anticipated that the defendants will file a motion to dismiss rather than an answer. Such a motion is resolved based on the pleadings and the law applicable thereto, and no discovery is required (nor permitted) at that time. As stated before, judicial officers are protected from suit by complete judicial immunity. No amount of discovery or evidence can change this well-settled law.

(August 14, 2007 Order at p.3)

Sellers is of the opinion that the court has "prejudged" his case and that this exhibits prejudice and conflict of interest on the part of the undersigned. Sellers' is incorrect. The court has merely explained to Sellers the basis of its ruling. That is, absolute judicial immunity shields judicial officers from liability for civil damages arising out of the performance of their judicial functions. Killinger v. Johnson, 389 F.3d 765 (7th Cir. 2004); Butz v. Economou, 438 U.S. 478 (1978). It is clear from Sellers' amended complaint that his claims against the defendant judges arise out of the performance of their judicial functions. Likewise, Sellers' attempted claim against the undersigned is squarely based on the performance of judicial functions, i.e., entering rulings on motions. If Sellers disagrees with this court's rulings and the basis therefore, and believes the law has not been correctly applied, then he may appeal to the Seventh Circuit Court of Appeals after the case is completed at the district court level.

In his motion to amend, Sellers wishes to amend his Amended Complaint to add the undersigned as a defendant. Rule 15 of the Civil Rules of Procedures provides, in pertinent part,

as follows:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The docket in this case shows that Sellers amended his original complaint on July 23, 2007. Thus, he may amend his complaint for the second time only with leave of the court.   A review of Sellers' request to amend reveals that he wishes to add the undersigned as a defendant because he did not agree with the August 14, 2007 order.   Sellers also believes that the undersigned is retired and unable to be assigned cases, and that Magistrate Judge Cosbey is his "partner".  As to the first point, if Sellers' disagrees with this court's rulings, he may take advantage of the appeal process provided to him at the conclusion of this case.  As to the second point, while it is true that the undersigned is a Senior District Judge of this court, the undersigned is not retired.  As to the third point, while it is true that Magistrate Judge Cosbey is an officer of this court, Magistrate Judge Cosbey is not a "partner" with the undersigned.

Sellers has displayed a habit of asking for the recusal of a judge and/or suing a judge, whenever a judge enters a ruling with which he does not agree.  Sellers needs to understand and accept the fact that a judge is presumed to be impartial. Fletcher v. Conoco Pipe Line Co., 323 F.3d 661 (8th Cir. 2003).  Moreover, an adverse ruling does not constitute a sufficient basis for judicial disqualification without a clear showing of bias or partiality.  Id.

As there is no basis for permitting Sellers to amend his complaint for the second time, his

motion to amend will be denied.

## Conclusion

Based on the foregoing, Sellers' motion for reconsideration of the August 14, 2007 Order is hereby DENIED.  Further, Sellers' motion to amend his complaint is also hereby DENIED.

Entered: August 22, 2007.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court
