UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BOBBIE SELLERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:07cv179 |
| | ) | |
| JUDGE JAMES T. MOODY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, the Honorable James T. Moody, the Honorable Theresa L. Springmann, and the Honorable Roger B. Cosbey (the "individual defendants"), on September 19, 2007. On September 20, 2007, the United States filed a motion to dismiss, or in the alternative, motion for summary judgment. On September 24, 2007, the plaintiff, Bobbie Sellers ("Sellers"), proceeding pro se, filed a response.

Also on September 24, 2007, Sellers filed a "request for default judgment", to which the individual defendants responded on September 24, 2007.

Seller has also filed, on September 24, 2007, a request for a ruling on his request for a court appointed counsel and, on October 1, 2007, an objection to this court's order of September 26, 2007.

For the following reasons the motions to dismiss will be granted and Sellers' motion for default, request for appointment of counsel, and objection to this court's order of September 26, 2007, will be denied.

Discussion

On July 20, 2007, Sellers filed a 35-page pro se complaint against the Honorable James T. Moody, a judge of this court.  On July 23, 2007, Sellers filed an amended complaint naming the Honorable Roger B. Cosbey and the Honorable Theresa L. Springmann as additional defendants.  Magistrate Judge Cosbey and Judge Springmann are also judges of this court.  Sellers has also named "John Doe, et al." as a defendant.  The basis of Sellers' claims appears to be his reaction to having rulings entered against him in earlier cases he brought against state court officials involved in child support collection.  Sellers also alleges racial discrimination.

On July 26, 2007, Sellers filed a motion for change of venue and request for special judge, a motion for court appointed counsel, a motion for leave to conduct discovery, and a motion for a two day jury trial. On August 14, 2007, an order was entered denying all four of Sellers' motions.  On August 22, 2007, an order was entered denying Sellers' request to file an amended complaint adding the undersigned as a defendant.  Additionally, on September 26, 2007, this court entered an order substituting the United States of America as defendant in place of the individual defendants.

The court will first address the motions to dismiss.  The individual defendants argue that Sellers' claims are barred by the doctrine of absolute immunity. Judges are among those officials protected by absolute immunity for judicial acts unless the acts are performed in the clear absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam). Judicial immunity is a complete immunity from suit and not simply protection from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11. "The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power." *McCray v. State of Maryland*, 456 F.2d 1, 3 (4th Cir. 1972). The Supreme Court has consistently adhered to that

2

rule, observing that "'[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (quoting *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In determining whether to apply absolute immunity, the Court should construe the facts alleged in the First Amended Complaint as true. *See Kalina v. Fletcher,* 522 U.S. 118, 122 (1997).

The Supreme Court summarized the breadth and nature of absolute judicial immunity as follows:

> Such immunity applies "however erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff.". . . . "Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed."

*Cleavinger*, 474 U.S. at 199-200 (citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted). Moreover, unfairness or injustice to a litigant resulting from application of the immunity does not and cannot preclude application of the immunity. *Mireles*, 502 U.S. at 10.

There are two requisites inherent in the Supreme Court's formulation of absolute judicial immunity: (1) that the challenged act be judicial in nature and (2) that it not be done in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12. The factors determining whether a challenged act by a judge is a judicial one for purposes of immunity "relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of

3

the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Thus, the inquiry goes to the nature and function of the act and not to the act itself. *Mireles*, 502 U.S. at 12. If the focus were only on the challenged act itself, the purpose of judicial immunity could be frustrated by a finding that an improper or erroneous act, or a mistake by a judge in excess of his authority, was not a function normally performed by a judge. *Id*., at 12. The Court further explained that "[i]f judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Id*. at 13 (quoting *Stump v. Sparkman*, 435 U.S. at 356). The judicial nature of a judge's act is not altered by virtue of an allegation of malice or a corrupt motive. *See Forrester v. White*, 484 U.S. 219, 227 (1988). Similarly, a judge's immunity is not pierced by allegations that he conspired with others to do an allegedly unlawful act so long as the act is within his judicial powers. *Dennis v. Sparks*, 449 U.S. 24 (1980); *see also John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990), and *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman*, 793 F.2d at 1078.

In the present case, Sellers' First Amended Complaint refers to several previous cases he had filed in the district court as the basis of his allegations against the individual defendants. The previous cases referred to by Sellers were captioned *Sellers v. Allen County Child Support Division et al.,* Civil Docket Number 1:04-CV-00478-TLS, and *Bobbie Sellers v. Gov. Mitch Daniels, et al*, Civil Docket Number 1:07-CV-024-JTM. Both cases alleged violations of Sellers' constitutional rights pursuant to 42 U.S.C. § 1983 by the respective defendants. Sellers alleges in the present case that the acts undertaken by the individual defendants were undertaken 'while

4

they were handling the previous case as a judge and magistrate. . . .' *(See* First Amended Complaint, STATEMENT OF FACTS, p. 4). Sellers also alleges that his rights were violated because the individual defendants did not file sanctions in the previous cases before them. (*See* First Amended Complaint, p. 9) . Sellers' own assertions, which are construed as true for purposes of this motion, maintain that the acts undertaken by the individual defendants and which form the gravamen of his claims were acts undertaken by the individual defendants as judges administering his previously filed cases. The issues raised in Sellers' previous cases were unquestionably within the jurisdiction of the district court for disposition since alleged civil rights violations, premised upon statutory or constitutional grounds, are clearly within the jurisdiction of the United States' district courts. *See* 28 U.S.C. § 1331. Processing, administering, and ruling on motions and filings in cases filed in the district court, or actions foregone or not taken during the administration of a case, are precisely the types of actions that one would expect a judge to undertake in the normal administration of their cases.

  Sellers has not disputed that his allegations against the individual defendants concern their judicial actions.  Rather, Sellers makes conclusory assertions in his response that the "defendants has (sic) committed fraud and malicious abuse of legal process".  Yet Sellers does not explain how the defendants' acts of ruling on cases properly before them could possibly not be covered by judicial immunity pursuant to the cited case law.

  The previous cases referenced in Sellers' First Amended complaint were filed in the United States District Court, Northern District of Indiana, Fort Wayne Division, and were routinely assigned to the individual defendants' respective dockets. The actions undertaken by Judge Moody, Judge Springmann, and Magistrate Judge Cosbey in the administration of those

5

previous cases were undertaken in the usual and normal administration of cases within the Judges' respective dockets. The judicial administration of the previous cases referenced by Sellers, *i.e.*, granting and denying motions, establishing schedules, entering final judgments, etc., which form the basis of the allegations of civil rights violations herein, represent the classic example of the very type of judicial actions undertaken in the usual exercise of the court's judicial jurisdiction. The actions complained of were unquestionably judicial in nature, and did not exceed the bounds of the judges' jurisdiction. Accordingly, the doctrine of absolute immunity is applicable and bars any liability for such judicial functions. Sellers' claims against the individual defendants will be dismissed. *Mireles*, 502 U.S. 9.

With respect to the United States' motion to dismiss, It is axiomatic that the United States of America may be sued only in specific circumstances where the government has consented to be sued. *See Lehman v. Nakisan*, 453 U.S. 156, 160 (1981); *United States v. Sherwood*, 312 U.S. 584 (1941). It is equally well established that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § § 1346(b), 2671-2680, is the exclusive remedy for recovering money damages resulting from common law torts committed by employees of the federal government while acting within the scope of their employment. *See* 28 U.S.C. § 2679(b); *Smith v. United States*, 499 U.S. 160, 165-166 (1991); *Carr v. United States*, 422 F.2d 1007 (4th Cir. 1970). The FTCA constitutes a waiver by Congress of the United States' sovereign immunity, however, the waiver of sovereign immunity contained within the FTCA has its limitations. Section 2675(a), of Title 28, provides in relevant part:

> An action **shall not** be instituted upon a claim against the United States
> for money damages for injury or loss of property or personal injury or
> death caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of his office or

>employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

(Emphasis added). Section 2675(a) clearly requires that a claimant file a claim with the appropriate Federal agency, and that the agency deny the claim, or not process the claim within six months of the filing, before any legal action can be instituted. *See McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United* States, 118 F.3d 527, 528 (7th Cir. 1997); *Richardson v. United States*, 831 F. Supp. 657, 661 (N.D. Ind. 1993); *Miller v. United States Postal Service*, 815 F. Supp. 1195, 1201 (S.D. Ind. 1993). The language of the statute is clear and its mandate is simple--no legal action shall be instituted until a properly filed administrative claim is properly exhausted.

The United States Supreme Court emphasized that the filing of an administrative claim was a key component of the government's waiver of sovereign immunity, stating:

>. . . Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straight-forward statutory command.

*McNeil*, 508 U.S. at 112 (footnote omitted). A plaintiff's failure to exhaust administrative remedies before he brings suit mandates dismissal of the claim. *Id.* at 113.

"Federal courts 'have an obligation--regardless of the arguments advanced to them by the parties--to assure themselves of their own jurisdiction.'" *Macklin v. United States*, 300 F.3d

814, 819 n.5 (7th Cir. 2002) (citing *Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994)). The United States' waiver of sovereign immunity involves questions of the district court's subject matter jurisdiction. *LaBonte v. United States,* 233 F.3d 1049, 1051 (7th Cir. 2000). The existence of an exception to the waiver of sovereign immunity is a prerequisite for jurisdiction. *Id. But see Bontkowski v. United States*, 2003 WL 21281763 (N. D. Ill., Jun 03, 2003) *(citing Kanar v. United States,* 118 F.3d 527, 529-30 (7th Cir. 1997) and *Clark v. United States*, 326 F.3d 911, 913 (7th Cir. 2003)); *see also Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003).

Sellers' Tort Claim avers that he is entitled to money damages for acts committed by employees of the United States under a summary heading of "Tort Claim." ( *See* Civil Docket Item # 4). Sellers' Tort Claim is silent as to whether he filed a notice of tort claim with the appropriate federal agency prior to his initiating this lawsuit. While it is difficult to discern exactly what common law torts Sellers claims he was subjected to, and by which governmental employee he was subjected to that conduct, it is clear that Sellers did not properly exhaust his administrative remedies before filing this lawsuit. Sellers' failure to file a notice of tort claim with the Administrative Offices of the United States Courts is a fundamental jurisdictional defect which bars these claims from being litigated in Court. *See McNeil*, 508 U.S. at 113; *Kaba v. Stepp*, 458 F.3d 678, 688 (7th Cir. 2006). All claims related to the recovery of money damages for wrongful conduct alleged against the United States' employees must be dismissed, because the district court lacks jurisdiction. Absent the proper filing of an administrative tort claim Sellers cannot state a claim against the United States and Sellers' common law tort claims will be dismissed. *McNeil*, 508 U.S. at 113.

The court will next turn to Sellers' request for a default judgment. Sellers contends that the defendants did not file an answer to the complaint or otherwise defend. Court records indicate that service of process was attempted on the individual defendants on July 23, 2007, and July 24, 2007. An answer, or other appropriate response, would not be due, assuming proper service or process, for sixty days from those dates, or on or before September 21, 2007, and September 22, 2007. *See* Fed. R. Civ. P. 12(a)(3)(B). The individual defendants filed their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b), on September 19, 2007, which was timely filed within the sixty days required for an answer or other responsive pleading. The time for filing an answer to Sellers' complaint is altered by the filing of the Motion to Dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). Since the individual defendants timely responded to Sellers' Complaint with an appropriate motion pursuant to Fed. R. Civ. P. 12(b), Sellers' request for default judgment is without basis in fact or law and will be denied.

With respect to Sellers' request for a ruling on his request for court appointed counsel, the court notes that the record shows that Sellers' request for counsel was denied in an order dated August 14, 2007. The reasons for denial, as stated in that order, are still valid. Thus, Sellers' request for a ruling will be denied.

Finally, Sellers has filed an objection to this court's order dated September 26, 2007 in which the United States was substituted for the individual defendants in this action. However, Sellers has failed to cite any legal basis for his objections, but merely expresses his belief that since he named the individual defendants as defendants then they should remain defendants. It is clear that the substitution of the United States in this case was proper and necessary. Thus, Sellers' objection is meritless and will be denied.

9

Conclusion

On the basis of the foregoing, the individual defendants' motion to dismiss and the United States' motion to dismiss are both hereby GRANTED.

Further, Sellers' motion for default, motion for ruling on request for appointed counsel, and objection to substitution of parties are all hereby DENIED.

Entered: November 5, 2007.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court