UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO.  1:07cv179 |
| ) | |
| JUDGE JAMES T. MOODY, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

On November 5, 2007, this court entered an order granting the individual defendants' motion to dismiss, and also granting the United States' motion to dismiss.  This left "John Doe", who had not been identified or served, as the only remaining defendant,

In an order entered November 7, 2007, this court instructed the plaintiff, Bobbie Sellers ("Sellers"), to identify and serve "John Doe" on or before November 23, 2007, the date on which the time for service expired pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On November 14, 2007, Sellers filed an untitled document in which he states he is "amending his complaint the United States of America have to be added as a part of the defendant under John Doe in this case; plaintiff is objecting and denying in full order dated Nov. 5, 2207 by Judge William C. Lee and added as a defendant..."  (syntax as in original).

To the extent that Sellers is attempting to name the United States as his John Doe defendant, such an attempt is futile.  The United States was already a party to this action pursuant to an order entered on September 26, 2007, substituting the United States of America as defendant in place of the individual defendants.  The United States subsequently filed a motion to dismiss which motion was granted on November 5, 2007.   As the individual defendants note

in their response to Sellers' latest filing, Sellers has established no justification in fact or law for his objection to the November 5, 2007 order.

Nor is there any basis to reinstate the United States as a defendant. The United States was dismissed from this action on the ground that Sellers had failed to file an administrative tort claim with the Administrative Offices of the United States Courts. Sellers now asserts that he mailed a tort claim, filed July 23, 2007, and sent it to Robert Lowney on November 7, 2007. However, even assuming the truth of this assertion, Sellers has still failed to exhaust his administrative remedies because an administrative tort claim must be filed with the agency and the agency must be allowed at least six months to adjudicate the claim before filing suit. See 28 U.S.C. § 2675(a). In the present case, Sellers filed his complaint on July 20, 2007 and, by Sellers' own admission, the alleged Notice of Tort Claim was filed on July 23, 2007, and mailed to Robert Lowney on November 7, 2007. Since suit was filed before the Notice of Tort Claim was filed or mailed to Robert Lowney, Sellers has failed to comply with 28 U.S.C. § 2675(a). McNeil v. United States, 508 U.S. 106 (1993); Richardson v. United States, 831 F. Supp. 657, 661 (N.D. Ind. 1993).

To the extent that Sellers is attempting to add the undersigned as a John Doe defendant, the court first notes that Sellers has not served the undersigned and the time to do so has expired. Sellers was required to serve any identified John Doe defendant on or before November 23, 2007 and as of November 26, 2007, no newly identified defendant had been served. Moreover, as this court explained in an earlier order, Sellers has no basis for adding the undersigned as a defendant in an amended complaint.

2

## Conclusion

On the basis of the foregoing, Sellers' "Objection to November 5, 2007 Order" [DE 37] is hereby DENIED. Further, as no John Doe defendant has been properly identified and served within the time limit specified in Rule 4(m) of the Federal Rules of Civil Procedure, the John Doe defendant is hereby DISMISSED.

Entered: November 29, 2007.

                                          s/ William C. Lee
                                          William C. Lee, Judge
                                          United States District Court